UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JOHN FLORIO,
on behalf of himself and all others similarly situated,

           Plaintiff,

-against-

RUBIN & ROTHMAN LLC

           Defendant
-------------------------------------------------------------x

CV 08 5082

WEXLER, J.
LINDSAY, M.

**CLASS ACTION COMPLAINT**

  Plaintiff, by and through his undersigned attorney, alleges upon knowledge as to himself and his own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendant and in support thereof alleges the following:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf and on behalf of all others similarly situated for damages and declaratory relief arising from the defendant's violation of §1692 *et seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violation of 15 U.S.C. § 1692.

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. Plaintiff John Florio (hereinafter "Florio") is a resident of the State of New York. On or about December 18, 2007, plaintiff received an initial debt collection notice from defendant Rubin & Rothman LLC.

5. Defendant Rubin & Rothman LLC is a domestic professional service limited liability company engaged in the business of collecting debts with its principal place of business located in Islandia, New York. Defendant regularly attempts to collect debts alleged to be due another.

## CLASS ACTION ALLEGATIONS

6. Plaintiff brings this action as a statewide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all consumers who have received debt collection notices and/or letters from the defendant which are in violation of the FDCPA, as of the date of plaintiff's complaint, and their successors in interest (the "Class"). Excluded from the Class is the defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Rubin & Rothman LLC.

7.      This action is properly maintained as a class action. This Class satisfies all the requirements of Rule 23 for maintaining a class action.

8.      The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices from the defendant which violate various provisions of the FDCPA.

9.      There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

a.      Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692g, 1692g(a)(2), 1692g(a)(4) and 1692g(a)(5).

b.      Whether plaintiff and the Class have been injured by the defendant's conduct;

c.      Whether plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d.      Whether plaintiff and the Class are entitled to declaratory relief.

10.     Plaintiff's claims are typical of the claims of the Class, and plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

11. Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced counsel, competent in the prosecution of class action litigation.

12. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

13. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action the Class members will continue to suffer losses of statutorily protected rights as well as monetary damages and if defendant's conduct will proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains.

14. Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

15. On or about December 18, 2007, defendant did send to the plaintiff an initial collection letter. Copy of said letter is annexed hereto as **Exhibit A**.

16. The December 18, 2007 letter attempted to collect $2,003.70. The creditor is identified as LVNV Funding LLC.

17. Defendant has not responded to the letter which disputed the validity of the debt, disputed that LVNV Funding LLC was the creditor and requested verification of the debt including the name and address of the original creditor. **Exhibit B**.

18. Defendant demands payment on behalf of its client which claims that LVNV Funding LLC is the creditor when it can neither verify the claim.

19. As a result of defendant's abusive, deceptive and unfair debt collection practices, plaintiff has been damaged.

## FIRST CAUSE OF ACTION
(Violations of the FDCPA)

20. Each of the above allegations is incorporated herein.

21. Defendant's debt collection attempts violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692g, 1692g(a)(2), 1692g(a)(4) and 1692g(a)(5) by falsely and deceptively attempting to collect debts it cannot evidence.

22. As a result of defendant's violations of the FDCPA, plaintiff has been damaged and is entitled to statutory damages, costs and attorney's fees.

**WHEREFORE**, plaintiff respectfully requests that the Court enter judgment as follows:

a) Declaring that this action is properly maintainable as a class action and certifying plaintiff as Class representative;

b) Awarding plaintiff statutory damages;

c) Awarding class members the maximum statutory damages.

d) Awarding plaintiff costs of this action, including reasonable attorneys' fees and expenses; and

e) Awarding plaintiff such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the FRCP, plaintiff hereby demands a trial by jury.

Dated: December 16, 2008
Uniondale, New York

Abraham Kleinman (AK-6300)
KLEINMAN LLC
626 RexCorp Plaza
Uniondale, New York 11556-0165
Telephone (516) 522-2621
Facsimile (888) 522-1692

**EXHIBIT A**

618681 D13                                                                                  LMS/KNA

# RUBIN & ROTHMAN, LLC

ATTORNEYS AT LAW
1787 VETERANS HIGHWAY SUITE 32
P.O. BOX 9003
ISLANDIA, N.Y. 11749
TEL (631) 234-1500

FAX (631) 234-1138

NYC DCA LIC. 1249720
1-800-298-6058 EXT. 438

**NEW JERSEY OFFICE:**
180 NORTH AVENUE EAST
P.O. BOX 8
CRANFORD, N.J. 07016
TEL (908) 931-0017
FAX (908) 931-0660

MARY LACOSTE
DIRECTOR OF OPERATIONS

RICHARD LOCKWOOD
DIRECTOR OF PUBLIC RELATIONS

JOSEPH RUBIN (1927-1994)
KEITH H. ROTHMAN
ANNETTE T. ALTMAN[1]
FRANCIS N. ANDERSON[1]
KATHRYN N. ANDREOLLI[1,2]
MARK BRAVERMAN[1]
SHARI BRAVERMAN[1]
SARAH J. GREEN[1]
JOSEPH LATONA[1]
SUBY MATHEW[1]
TIMOTHY M. MELTON[1]
ERIC S. PILLISCHER[1]
SCOTT H. RUMPH[1]
ANGELO L. SIRAGUSA[1]
DIANA K. ZOLLNER[2]

[1]MEMBER N.Y. BAR
[2]MEMBER N.J. BAR

X REPLY TO N.Y. OFFICE
_ REPLY TO N.J. OFFICE

December 18, 2007

JOHN FLORIO
1902 LURTING AVE APT 5
BRONX NY 10461

                    OUR FILE NO: 618681
                    CLIENT: LVNV FUNDING LLC
       AMOUNT OF DEBT: $2,003.70

Dear Sir/Madam,

As of the date of this letter, the creditor has a claim against you in the above amount. We must ask you to contact us to discuss payment in full of the debt or a payment arrangement.

UNLESS YOU DISPUTE THE VALIDITY OF THE DEBT, OR ANY PORTION THEREOF, WITHIN 30 DAYS AFTER YOUR RECEIPT OF THIS LETTER, WE WILL ASSUME THE DEBT TO BE VALID. IF YOU NOTIFY US IN WRITING WITHIN THE 30 DAY PERIOD THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED, WE WILL OBTAIN VERIFICATION OF THE DEBT OR A COPY OF A JUDGMENT AGAINST YOU AND MAIL A COPY OF SUCH VERIFICATION TO YOU. UPON YOUR WRITTEN REQUEST WITHIN THE 30 DAY PERIOD, WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

All checks should be sent directly to this office, payable to RUBIN & ROTHMAN, LLC.

In addition to personal checks, we accept WESTERN UNION and electronic (ACH) payments. Some clients - but not all - also accept MASTERCARD, VISA, DISCOVER and AMERICAN EXPRESS. You may make electronic and credit card payments by calling us during office hours or on-line at RRLLC189.com.

WE ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

AT THIS TIME, NO ATTORNEY WITH THIS FIRM HAS PERSONALLY REVIEWED THE PARTICULAR CIRCUMSTANCES OF YOUR ACCOUNT.

                                                        RUBIN & ROTHMAN, LLC

**EXHIBIT B**

Solve360  Page 1 of 1

# SHAKED & POSNER
ATTORNEYS-AT-LAW
255 WEST 36TH STREET
8TH FLOOR
NEW YORK, NEW YORK 10018

TEL (212) 494-0035
FAX (212) 300-2010

DAN SHAKED
MICHAEL C. POSNER*
*ALSO ADMITTED IN NJ

January 7, 2008

Rubin & Rothman, LLC
Attn: Dispute Department
1787 Veterans Highway, Ste. 32
PO Box 9003
Islandia, NY 11749

Re: **John Florio**
**Your Client: LVNV Funding, LLC**
**Your File #: 618681**

Dear Dispute Department:

Please be advised that I represent John Florio.

Pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692g, you are advised that the validity of this debt is disputed.

Please be further advised that my client disputes the assertion that this disputed account was purchased by LVNV Funding, LLC.

Please obtain verification of this disputed debt and send verification to Shaked & Posner.

Please send verification that LVNV Funding, LLC purchased this account.

Please provide Shaked & Posner the full corporate name of the original creditor.

Please provide Shaked & Posner the address of the original creditor.

Very truly yours,

Dan Shaked, Esq.