**ROBERT L. ARLEO, ESQ.**
164 Sunset Park Road
Haines Falls, New York  12436

Telephone: (518) 589-5264                                                                 Fax: (518) 751-1801
Email R.Arleo@verizon.net

January 8, 2009

Honorable Leonard D. Wexler
United States District Court
Eastern District of New York
Long Island Federal Courthouse
944 Federal Plaza
Central Islip, New York   11722
<u>via ECF</u>

                        Re: Florio v. Rubin & Rothman, LLC
                           <u>CV 08 5082</u>

Dear Judge Wexler:

    I am counsel for the Defendant named in the above-entitled action. I am corresponding herein in compliance with Your Honor's Amended Rules, No. 2(B). Pursuant thereto the Defendant requests a pre-motion conference before Your Honor in conjunction with its desire to file a Fed. R. Civ. P. 12(b)(6) motion to dismiss the complaint filed in the above-entitled action for failure to state a claim upon which relief can be granted. The underlying supports said motion.

    The above-entitled action was filed based upon alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"). The complaint is based upon the following facts: (a) Defendant sent Plaintiff a collection letter; (b) in response, Plaintiff sent a letter to Defendant disputing the alleged debt and requesting verification; (c) Defendant ceased all collection activity upon its receipt of Plaintiff's dispute letter; and (d) Defendant did not respond to Plaintiff's dispute letter or provide Plaintiff with verification of the alleged debt.

    Plaintiff alleges that the Defendant violated the FDCPA by sending a debt collection letter without <u>*first*</u> being able to verify the alleged debt and by not responding to a request for verification of the alleged debt. The claim of violation of the FDCPA for allegedly not being able to verify an alleged debt is without merit based upon clear FDCPA case precedent. See <u>Deere v. Javitch, Block & Rathbone LLP</u>, 413 F. Supp. 2d 886 (S.D. Ohio 2006) (wherein the court rejected a debtor argument that filing a lawsuit without documented proof that the debt was owed constituted a violation of the FDCPA absent an allegation that the collection complaint contained a false representation about the existence or amount of the debt or that the creditor otherwise engaged in unconscionable conduct. The court, in referencing to two other FDCPA decisions which held likewise, granted the defendant debt collector's Fed. R. Civ. P. 12(b)(6) motion to dismiss the complaint); <u>Harvey v. Great Seneca Financial Corp.</u>, 453 F.3d 324 (6th Cir. 2006) (holding filing debt collection lawsuit without having immediate means of proving debt

2

did not constitute a deceptive practice under FDCPA); <u>Lipa v. Asset Acceptance, LLC</u>, 572 F. Supp. 2d 841 (E.D. Mich. 2008) (same); <u>Nikoloff v. Wolpoff & Abramson, LLP</u>, 511 F. Supp. 2d 1043 (C.D. Cal. 2007) (stating "To the extent that the Plaintiff's allegations of harassment and abusing the debtor rest on the fact that the Defendants did not possess adequate proof of the debt at the time they delivered the arbitration claim, Plaintiff can prove no set of facts that would entitle him to relief under the FDCPA"); <u>Hill v. Javitch, Block & Rathbone, LLP</u>, 574 F. Supp. 2d 819 (S.D. Ohio 2008) (holding that neither the federal rules of civil procedure nor the FDCPA require debt collectors to be certain they will prevail on their claims before filing suit for collection).

If a debt collector is not required to be able to prove a debt at the time of initiating a lawsuit, it logically follows that a debt collector is not required to prove a debt at the time it sends the consumers an initial debt collection letter, which contains the debt dispute/verification requirements set forth in 15 U.S.C. § 1692g.

Nor is the failure of the Defendant to provide verification of the alleged debt a violation of the FDCPA. Section 1692g(b) of the FDCPA requires that if a debtor requests verification of a debt the debt collector must cease collection of the debt until verification is provided to the consumer. However, there can be no violation of 1692g(b) where a debt collector has ceased collection activities after receiving a request for verification in response to the initial debt collection letter. A complaint which fails to allege, either directly or indirectly, that debt collection activities continued after a written request for verification must be dismissed. <u>Savage v. Hatcher</u>, 109 Fed.Appx. 759 (6th Cir. 2004). The complaint herein does not set forth any direct or indirect claim that my client engaged in any debt collection activities after receiving Plaintiff's dispute letter and written request for verification of the alleged debt.

Nor does it matter that my client did not invoke any further collection activity after receiving Plaintiff's dispute letter and request for verification. Indeed, the 7th Circuit Court of Appeals has ruled on this exact issue, holding that the policy of a debt collector to return to the creditor all accounts in which the consumer requests validation was not deceptive nor unconscionable in light of the 1692g statement that verification would be provided as 1692g allows the collector to either validate the debt or cease collection. <u>Jang v. A.M. Miller & Associates</u>, 122 F.3d 480 (7th Cir. 1997). Indeed, Your Honor cited to the <u>Jang</u> holding in the matter of <u>Bleich v. Revenue Maximization Group, Inc.</u>, 233 F. Supp. 2d 496 (E.D.N.Y. 2002). Therein, Your Honor held that there can be no FDCPA violation when a debt collector complies with the dispute/verification requirements set forth in Section 1692g even if the actual debt is not in arrears.

Congress included the verification mandate solely to insure that the wrong person is not indebted and not to require that a debt collector be able to verify an alleged debt when sending consumers an initial collection letter.

3

    Based upon all of the foregoing, the complaint filed in the above-entitled action fails to state any cause of action for violation of the FDCPA and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Please advise as to the scheduling of the required pre-motion conference.

    Thank you for your attention herein.

                                                Respectfully submitted,

                                                *s/ Robert L. Arleo*

                                                Robert L. Arleo

RLA:gra
cc: Abraham Kleinman, Esq.
    Rubin & Rothman, LLC